## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

<table>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>FREEDOM SERVICES, INC.,</td><td>*</td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>Plaintiff,</td><td>*</td><td></td></tr>
<tr><td></td><td>*</td><td>Civ. No.: MJM-23-1625</td></tr>
<tr><td>v.</td><td>*</td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>FREEDOM SERVICES, LLC, <em>et al.</em>,</td><td>*</td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>Defendant.</td><td>*</td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
</table>

\* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Freedom Services, Inc. ("Plaintiff") filed this civil action asserting claims for trademark infringement and unfair competition under the Lanham Act. The Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

This matter is before the Court on Defendant Jennifer Steadman's ("Defendant Steadman") Motion to Dismiss Plaintiff's First Amended Complaint, and Plaintiff's Motion to Dismiss Defendant Freedom Services, LLC's ("Defendant LLC") Amended Counterclaims and Strike its Affirmative Defenses. Both motions are ripe for disposition, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons set forth below, the Court shall deny Defendant Steadman's motion and grant in part and deny in part Plaintiff's motion.

## I.     PROCEDURAL BACKGROUND

On June 20, 2023, Plaintiff filed an initial Complaint against Defendant LLC and Defendant Steadman (collectively, "Defendants") (ECF 1). Defendant Steadman filed an initial Motion to Dismiss (ECF 9), which attached a declaration by Defendant Steadman. Defendant LLC filed its initial Answer with Affirmative Defenses and Counterclaims (ECF 10).

1

On September 22, 2023, Plaintiff filed an Amended Complaint ("Am. Compl.," ECF 12) contemporaneously with an initial Motion to Dismiss Defendant LLC's Counterclaims and Strike its Affirmative Defenses (ECF 13). On October 6, 2023, Defendant Steadman filed a Motion to Dismiss Plaintiff's Amended Complaint (ECF 14), which attached a second declaration by Defendant Steadman. On the same date, Defendant LLC filed an Answer to the Amended Complaint with Amended Affirmative Defenses and Counterclaims ("Am. Answer," ECF 15). On October 19, 2023, Plaintiff filed its Response in Opposition to Defendant Steadman's second Motion to Dismiss (ECF 16), and on October 20, 2023, Plaintiff filed a Motion to Dismiss Defendant LLC's Amended Counterclaims and Strike its Amended Affirmative Defenses (ECF 17). On November 2, 2023, Defendant Steadman filed her Reply in Support of her second Motion to Dismiss (ECF 18), and on November 3, 2023, Defendant LLC filed its Response in Opposition to Plaintiff's second Motion to Dismiss and Strike (ECF 19). On November 17, 2023, Plaintiff filed its Reply in Support of its second Motion to Dismiss and Strike (ECF 21).

Currently pending are Defendant Steadman's second Motion to Dismiss (ECF 14) and Plaintiff's second Motion to Dismiss and Strike (ECF 17).

## II.   FACTUAL BACKGROUND

### A.  Plaintiff's Amended Complaint

Plaintiff is a Maryland corporation that has been providing private transportation services in and around Maryland since 1991. Am. Compl., ¶ 1. Plaintiff has used the terms "FREEDOM SERVICES" and "FREEDOMCAR" in interstate commerce in connection with its transportation services continuously since April 1, 1991. *Id.* ¶ 10.  Further, Plaintiff registered its trademark for "FREEDOMCAR (AND DESIGN)" on April 5, 2011, alleging that it is a valid and incontestable mark. *Id.* ¶ 12. Plaintiff states that it "has invested significant resources into building the

FREEDOMCAR brand for transportation and related business services, and it is entitled to benefit from the recognition and goodwill associated with the exclusive use of its mark in connection with these services." *Id.* ¶ 11.

According to Plaintiff, on May 2, 2019, Defendant Steadman, in her individual capacity, "filed articles of organization for Defendant Freedom Services, LLC to create a name confusing [sic] similar to Plaintiff's FREEDOM, FREEDOM SERVICES, and FREEDOMCAR trademarks with the intent and purpose of unfairly competing with Plaintiff's business." *Id.* ¶¶ 4, 14. Further, Plaintiff contends that Defendants' use of the terms "Freedom" and "Freedom Services" in connection with similar offerings of Plaintiff "has caused and is likely to continue to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants" with Plaintiff. *Id.* ¶ 17. Plaintiff claims that "[i]n early 2023, Freedom Services began to experience repeated incidences of actual consumer confusion with Defendants' business" that led to a loss of revenue and goodwill. *Id.* ¶ 15.

Further, Plaintiff states that it contacted Defendants twice upon learning that they were using the terms "Freedom" and "Freedom Services" in connection with transportation services. *Id.* ¶ 13. On September 5, 2019, and again on April 5, 2023, Plaintiff sent a letter to Defendants notifying them of Plaintiff's exclusive right to use its trademarks and requested that they cease and desist from using Freedom-related terms in connection with transportation services. *Id.* ¶¶ 13, 16. Finally, Plaintiff alleges that despite its repeated efforts to remedy the matter, Defendants have continued using "Freedom" and "Freedom Services" in connection with transportation services. *Id.* ¶ 18.

**B.  Defendant LLC's Amended Answer, Affirmative Defenses, and Counterclaims**

Defendant LLC is a taxi association registered in Maryland. Am. Answer, at 2.[1] Defendant Steadman is the sole member of Defendant LLC and that she handles corporate affairs. *Id.* Defendant LLC notes that on February 1, 2010, Plaintiff changed its name from Freedom Services, Inc. to FreedomCar. *Id.* It contends that Plaintiff stopped using the name Freedom Services, Inc. in commerce following the name change and has not used the term Freedom Services, Inc. in its promotional materials or advertising for at least five years. *Id.* Defendant LLC denies that it competes with or takes business from Plaintiff. *Id.* at 4.

Defendant LLC raises the affirmative defenses of unclean hands, estoppel, laches, and acquiescence. *Id.* at 5. Defendant LLC also raises as affirmative defenses denial of Plaintiff's allegations, lack of a likelihood of confusion, Plaintiff's failure to state a claim upon which relief can be granted, lack of infringement, lack of an enforceable trademark in FREEDOM or FREEDOM SERVICES, and lack of damages. *Id.*

Finally, Defendant LLC raises three counterclaims: (1) a declaratory judgment that it did not infringe upon Plaintiff's trademark; (2) a declaratory judgment that there is no enforceable trademark in FREEDOM or FREEDOM SERVICES; and (3) a declaratory judgment that it did not commit unfair competition. *Id.* at 7.

**III.   STANDARD OF REVIEW**

Under Rule 8(a)(2) of Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which

---

[1] The Answer to the Amended Complaint uses separate numbering of paragraphs for the Answer, Affirmative Defenses, Counterclaims, and Prayer for Relief. For consistency and clarity, I cite this pleading solely by page number.

it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough factual allegations "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Counterclaims are also held to this plausibility standard. *E.I. Du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A complaint need not include "detailed factual allegations," but it must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 555–56 (internal quotation marks omitted). Documents attached to the complaint as exhibits may be considered by the court so long as they are "integral to the complaint and authentic." *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

Furthermore, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 10 (2014) (per curiam). However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (cleaned up). When considering a motion to dismiss, a court must take the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016). At the same time, "a court is not required to accept legal conclusions

drawn from the facts." *Retfalvi v. United States*, 930 F.3d 600, 605 (4th Cir. 2019) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

Ordinarily, a court "is not to consider matters outside the pleadings or to resolve factual disputes when ruling on a motion to dismiss." *Bosiger v. U.S. Airways, Inc.*, 510 F.3d 442, 450 (4th Cir. 2007). A court may "take judicial notice of matters of public record" and consider documents attached or incorporated into the complaint by reference or attached to the motion to dismiss, "so long as they are integral to the complaint and authentic." *Sec'y of State For Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) (citations omitted). Consideration of such matters does not require converting the motion to dismiss to one for summary judgment. *Mua v. Maryland*, Civ. No. ELH-16-01435, 2017 WL 633392, at *7 (D. Md. Feb. 15, 2017) (citation omitted). If a court otherwise considers matters outside the pleadings attached to a Rule 12(b)(6) motion, "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

In determining whether to convert a motion to dismiss into one for summary judgment, a court should exercise "great caution" and consider whether conversion "is likely to facilitate the disposition of the action . . . [and] whether discovery prior to the utilization of the summary judgment procedure is necessary." *Sager v. House. Comm'n of Anne Arundel Cnty.*, 855 F. Supp. 2d 524, 542 (D. Md. 2012). The Fourth Circuit "has articulated two requirements for proper conversion of a Rule 12(b)(6) motion to a Rule 56 motion: (1) notice and (2) a reasonable opportunity for discovery." *Canty v. Corcoran*, Civ. No. GLR-18-1404, 2022 WL 899278, at *4 (D. Md. Mar. 28, 2022) (citing *Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor of Balt.*, 721 F.3d 264, 281 (4th Cir. 2013)).

6

Converting a motion to dismiss to a summary judgment motion is not appropriate "where the parties have not had an opportunity for reasonable discovery." *E.I. Du Pont de Nemours & Co*, 637 F.3d at 448. The party opposing conversion may file a declaration pursuant to Rule 56(d) explaining the reasons why "it cannot present facts essential to justify its opposition" without discovery. Fed. R. Civ. P. 56(d); *see also Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244–45 (4th Cir. 2002). Yet failure to file such an affidavit is "not necessarily fatal where the 'nonmoving part has adequately informed the court that . . . more discovery is necessary.'" *Sol v. M&T Bank*, Civ. No. AAQ-22-299, 2024 WL 327086, at *4–5 (D. Md. Jan. 29, 2024) (quoting *Harrods*, 302 F.3d at 244–45); *see also Woodbury v. Victory Van Lines*, 286 F. Supp. 3d 685, 693 (D. Md. 2017) (finding that courts have "complete discretion" to deny conversion even where no Rule 56(d) affidavit has been filed). Generally, courts are guided by whether consideration of extraneous material "is likely to facilitate the disposition of the action," and "whether discovery prior to the utilization of the summary judgment procedure" is necessary. 5 Wright & Miller, Fed. Prac. & Proc. § 1366 (3d ed. 2004) (hereinafter, "Fed. Prac. & Proc.").

## IV.   ANALYSIS

### A.  Consideration of Matters Outside the Pleadings

Although Defendant Steadman presents her motion as a motion to dismiss under Fed. R. Civ. P. 12(b)(6), she has offered for the Court's consideration certain matters outside the pleadings in support of her motion.

First, Defendant Steadman attaches a declaration to her motion to dismiss. ECF 14-3. This declaration cannot be properly considered by the Court without treating the motion as one for summary judgment under Rule 56. Although Plaintiff has not filed a Rule 56(d) affidavit stating a need for discovery to answer Defendant Steadman's motion, it indicates in its opposition to the

motion that it needs a reasonable opportunity for discovery, ECF 16 at 3–4, and the Court finds that the factual record is not sufficiently developed to justify consideration of matters outside the pleadings. For these reasons, the Court finds that converting the motion to one for summary judgment would be inappropriate in this case. *See Harrods*, 302 F.3d at 245 (holding that district court's grant of summary judgment was premature, even in the absence of an affidavit detailing need for discovery); *ARCO Nat'l Constr., LLC v. MCM Mgmt. Corp.*, Civ. No. ELH-20-3783, 2021 WL 4148456, at *6 (D. Md. Sept. 10, 2021) (declining to convert motion to dismiss to summary judgment, even where the nonmoving party did not indicate the need for discovery, because the factual record was undeveloped); *Sol*, 2024 WL 327086, at *5 (declining to convert motion even in the absence of a Rule 56(d) affidavit because it would be premature to rule on summary judgment). The Court declines to consider Defendant Steadman's declaration at this stage.

Additionally, Defendant Steadman in her reply in support of her motion references a letter attached to a prior civil complaint Plaintiff filed in this Court. *See Freedom Servs., Inc. v. Freedom Transp. Limo & Sedan SVC LLC*, Civ No. RDB-16-700 (D. Md. Mar. 9, 2016). This document may be properly considered by the Court without converting the motion to a summary judgment motion because it is a matter of public and judicial record, and Plaintiff does not question its authenticity. *See Mua*, 2017 WL 633392, at *6–7 (taking judicial notice of submissions in earlier court cases without converting the motion to dismiss into one for summary judgment).

### B.  Plaintiff's Claims for Trademark Infringement and Unfair Competition

The Amended Complaint asserts two causes of action against Defendants for violations of the Lanham Act. Count I asserts a claim that Defendants infringed Plaintiff's trademarks, Am. Comp., ¶¶ 19-23, and Count II asserts a claim that Defendants engaged in unfair competition, *id.*

¶¶ 24-27. In her motion to dismiss, Defendant Steadman argues that Plaintiff's claims of trademark infringement and unfair competition should be dismissed for inadequate pleading. ECF 14-1 at 6–7. She characterizes allegations in the Amended Complaint as "bare bones" regurgitation of the elements of trademark infringement. *Id.* at 6.

The Lanham Act's prohibitions against trademark infringement and unfair competition exist, in part, "to protect consumers from confusion in the marketplace."[2] *Radiance Found., Inc. v. N.A.A.C.P.*, 786 F.3d 316, 321 (4th Cir. 2015). To prevail on a claim of trademark infringement under the Lanham Act, "a party must show both that (1) it owns a valid and protectable mark, and that (2) another's use of the mark creates a likelihood of consumer confusion." *RXD Media, LLC v. IP Application Dev. LLC*, 986 F.3d 361, 369 (4th Cir. 2021); *see also* 15 U.S.C. § 1114(1)(a). The alleged infringer must have "used in commerce the mark that the trademark holder possesses[,]" and that use must have been "'in connection with' goods or services in a manner that is 'likely to cause confusion' among consumers as to the goods' or services' source or sponsorship." *Radiance Found.*, 786 F.3d at 322 (quoting §§ 1114(1)(a) & 1125(a)(1)).

Section 1125(a)(1) provides a cause of action for unfair competition in the form of "false association"—that is, "'false designation of origin' likely to cause 'confusion, . . . mistake, or to

---

[2] Specifically, the Lanham Act is intended

> to regulate commerce within the control of Congress by making actionable the deceptive and misleading use of marks in such commerce; to protect registered marks used in such commerce from interference by State, or territorial legislation; to protect persons engaged in such commerce against unfair competition; to prevent fraud and deception in such commerce by the use of reproductions, copies, counterfeits, or colorable imitations of registered marks; and to provide rights and remedies stipulated by treaties and conventions respecting trademarks, trade names, and unfair competition entered into between the United States and foreign nations.

15 U.S.C. § 1127.

deceive as to the . . . association of such person with another.'" *Farm Fresh Direct Direct By a Cut Above LLC v. Downey*, Civ. No. ELH-17-1760, 2017 WL 4865481, at *7–8 (D. Md. Oct. 26, 2017) (citing § 1125(a)(1)(A)); *see also Belmora LLC v. Bayer Consumer Care AG*, 819 F.3d 697, 706 (4th Cir. 2016) ("Subsection A, which creates liability for statements as to 'affiliation, connection, or association' of goods, describes the cause of action known as 'false association.'").[3] To prevail on such a claim, a plaintiff must establish "the *defendant's* '*use in commerce*' of 'any word, term, name, symbol, or device' or 'any false designation of origin, false or misleading description of fact, or false or misleading representation of fact[.]'" *Farm Fresh Direct*, 2017 WL 4865481, at *8 (quoting § 1125(a)(1)(A)); *see also Belmora*, 819 F.3d at 706 ("Under § [1125(a)], it is the defendant's use in commerce . . . that creates the injury under the terms of the statute.").[4]

Here, Plaintiff alleges enough facts to support a plausible claim of ownership in the FREEDOMCAR mark and that the mark is valid and protectible. Specifically, Plaintiff states that it obtained a registration in the U.S. Patent and Trademark Office ("PTO") for the mark and that it has continuously used both FREEDOMCAR and FREEDOM SERVICES in connection with its transportation services, in interstate commerce, at least since 1991. Am. Compl. ¶¶ 10–12; *see also*

---

[3] Section 1125(a)(1)(B) separately establishes liability for "false advertising," *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 122 (2014) (citing 15 U.S.C. § 1125(a)(1)(B)), but Plaintiff does not assert any claim for false advertising in this case.

[4] Additionally, a plaintiff may bring suit under § 1125(a)(1) only if it asserts interests that fall within the zone of interests protected by the statute and an injury proximately caused by the defendant's violations of the statute. *Belmora*, 819 F.3d at 707–08 (citing *Lexmark*, 572 U.S. at 127–34). A claim is within the Lanham Act's zone of interests when it furthers a purpose enumerated in § 1127, and the Supreme Court in *Lexmark* recognized that most of those enumerated purposes are relevant to false association claims. 572 U.S. at 131; *see also Belmora*, 819 F.3d at 707. To satisfy the proximate-cause requirement in cases brought under § 1125(a), "[t]he injury must have a 'sufficiently close connection to the conduct the statute prohibits.'" *Id.* at 708 (quoting *Lexmark*, 572 U.S. at 133). This means "show[ing] economic or reputational injury flowing directly from the deception wrought by the defendant's advertising; and that that occurs when deception of consumers causes them to withhold trade from the plaintiff." *Lexmark*, 572 U.S. at 133. Here, Defendant Steadman does not argue that Plaintiff's unfair competition claim falls short of the zone-of-interests and proximate-cause requirements.

*U.S. Search, LLC v. U.S. Search.com Inc.*, 300 F.3d 517, 524 (4th Cir. 2002) ("[W]hen the PTO issues a certificate of registration, that registration provides the *registrant* with prima facie evidence of 1) the validity of the mark and its registration, 2) the registrant's ownership, and 3) the registrant's 'exclusive right' to use the mark on or in connection with the goods and services specified in the certificate of registration.") (citation omitted); *Potomac Conf. Corp. of Seventh-day Adventists v. Takoma Acad. Alumni Ass'n, Inc.*, 2 F. Supp. 3d 758, 769 (D. Md. 2014) ("A registrant's right to use a mark in commerce for goods and services becomes incontestable once the mark has been in continuous service for five years subsequent to the date of registration.") (citing 15 U.S.C. § 1065)).[5]

The parties dispute whether Plaintiff has alleged sufficient facts to support a plausible claim that Defendants used Plaintiff's marks in commerce in connection with the marketing of goods or services. Plaintiff alleges in the Amended Complaint that, at least since 2019, Defendants used "the terms 'Freedom' and 'Freedom Services' in connection with providing their transportation services[,]" and that "Defendant Steadman filed the articles of organization for [Defendant LLC]" to create a name similar to Plaintiff's marks "with the intent and purpose of unfairly competing with Plaintiff's business, divesting business and revenue from Plaintiff, and usurping the accompanying goodwill and reputation associated with Plaintiff's trademarks." Am. Compl. ¶¶ 13–14. Drawing reasonable inferences in Plaintiff's favor, Plaintiff has adequately pleaded that Defendants used its marks in commerce and in connection with Defendants' services.

---

[5] "The protection accorded trademarks and service marks is directly related to the mark's distinctiveness." *U.S. Search*, 300 F.3d at 523. Distinctiveness is a factual inquiry, however. *See id.* at 525–26; *TBL Licensing, LLC v. Vidal*, 98 F.4th 500, 510 (4th Cir. 2024). It is "not appropriately decided on a threshold dismissal motion." *Stafford Urgent Care, Inc. v. Garrisonville Urgent Care, P.C.*, 224 F. Supp. 2d 1062, 1065 (E.D. Va. 2002) (citing *Little Tavern Shops v. Davis*, 116 F.2d 903, 906 (4th Cir. 1941)).

Plaintiff has also set forth enough facts to plead a likelihood of confusion among customers as to the source of the services in question. In *Partners in Travel, Inc. v. Marshall*, Judge Blake declined to dismiss an unfair competition/false association claim where the plaintiff had alleged that the parties used identical marks for the same services and that certain customers "were actually confused." Civ No. CCB-19-435, 2020 WL 206701, at *4 (D. Md. Jan. 14, 2020). Here, Plaintiff alleges that the terms "Freedom" and "Freedom Services" used by Defendants are similar to Plaintiff's FREEDOM and FREEDOM SERVICES marks, that Plaintiff and Defendant LLC both provide private transportation services in Maryland, and that Plaintiff experienced multiple incidences of actual customer confusion in early 2023. Am. Compl., ¶¶ 5, 14–15. The Court finds these allegations sufficient to plead a likelihood of confusion arising from Defendants' use in commerce of the "Freedom" and "Freedom Services" terms.

In sum, the Court finds that the Amended Complaint states plausible claims for both trademark infringement and unfair competition under the Lanham Act.

### C.  Defendant Steadman's Individual Liability

In her motion to dismiss, Defendant Steadman argues that the allegations in the Amended Complaint improperly lump her conduct together with that of Defendant LLC. ECF 14 at 6. She further argues that Plaintiff cannot impose liability on her simply for filing articles of organization, *id.*, and in the absence of fraud, individuals cannot be liable for the acts of a business entity, ECF 18 at 4.

"A corporation exists as a legal entity separate and distinct from its corporate shareholders." *Cancun Adventure Tours, Inc. v. Underwater Designer Co.*, 862 F.2d 1044, 1047 (4th Cir. 1988). A corporate officer or director is not liable for the corporation's tortious act unless he or she personally participated in it, cooperated with it, or directed that it be done. *Tedrow v.*

*Deskin*, 290 A.2d 799, 803 (Md. 1972). The same principle applies to limited liability companies. *Allen v. Dackman*, 991 A.2d 1216, 1228 (Md. 2010) (citing Md. Code, Corps. & Ass'ns § 4A–301, and *Tedrow*, 290 A.2d at 802–03). Thus, "[a] member of an LLC generally is not liable for torts committed by . . . the LLC." *Id.* at 1228. However, a member, owner, or officer of an LLC "may be held liable . . . for torts he or she personally commits, or which he or she inspires or participates in, even though performed in the name of an artificial body." *Id.* at 1228 (cleaned up).

The foregoing principles have been applied to claims brought under the Lanham Act. *See Polo Fashions, Inc. v. Craftex, Inc.*, 816 F.2d 145, 149 (4th Cir. 1987) ("A corporate official may be held personally liable for tortious conduct committed by him, though committed primarily for the benefit of the corporation. This is true in trademark infringement and unfair trade practices cases."). In *Farm Fresh Direct*, the Court denied the individual defendant's motion to dismiss unfair competition claims because the plaintiff alleged sufficient facts in its complaint that the individual "participated in the creation of [the offending entity] for the purpose of using a confusingly similar name to compete with [plaintiff's entity]." 2017 WL 4865481, at *7. The plaintiffs alleged that the individual defendant was "the resident agent and incorporator" of the defendant entity, personally filed the articles of organization to create a name similar to that of the plaintiff's organization, and incorporated the entity for the purpose of selling products similar to the plaintiff's and in the same manner as the plaintiff. *Id.* at *6. Thus, individual defendants may be liable for active participation in Lanham Act violations, even without piercing the corporate veil. *Planet Techs., Inc. v. Planit Techs. Grp., LLC*, 735 F. Supp. 2d 397, 404–05 (D. Md. 2010) (citing *Stafford Urgent Care*, 224 F. Supp. 2d at 1066).

Here, Plaintiff has alleged that Defendant Steadman "is the sole owner and resident agent of Freedom Services, LLC" and that she "supervises, participates, and handles all corporate

affairs" of the entity. Am. Compl., ¶ 4. Further, Plaintiff states that "Steadman filed the articles of organization for Defendant Freedom Services LLC to create a name confusing [sic] similar to Plaintiff's FREEDOM, FREEDOM SERVICES, and FREEDOMCAR trademarks with the intent and purpose of unfairly competing with Plaintiff's business, divesting business and revenue from Plaintiff, and usurping the accompanying goodwill and reputation associated with Plaintiff's trademarks." *Id.* ¶ 14. These allegations are sufficient to state a plausible claim against Defendant Steadman individually. *See Farm Fresh Direct*, 2017 WL 4865481, at *6–7.[6] "The question here is not whether plaintiff will ultimately prevail," *Farm Fresh Direct*, 2017 WL 4865481, at *7, but rather whether Plaintiff has alleged sufficient facts to support a plausible claim for relief. Here, Plaintiff has alleged sufficient facts from which it can be reasonably inferred that Defendant Steadman personally participated in trademark infringement and unfair competition through creation of Defendant LLC.

For the foregoing reasons, Defendant Steadman's Motion to Dismiss will be denied.

### D.  Defendant LLC's Affirmative Defenses

Plaintiff has moved to strike Defendant LLC's affirmative defenses, describing them as "boiler-plate," inadequately pleaded, and lacking a factual basis. ECF 17-1 at 3. Plaintiff further argues that the affirmative defenses of lack of confusion, lack of a proper trademark, and lack of infringement are not affirmative defenses at all and are in fact subsumed by the denials in Defendant LLC's Answer to the Amended Complaint. *Id.* at 5–7.

---

[6] Defendant Steadman argues that *Farm Fresh Direct* is inapposite "because plaintiff was pro se and the court did not apply the usual standards to reviewing the pleadings." ECF 18 at 6. That is incorrect; it was *the defendants* in that case who appeared pro se, requiring the Court to construe *their* filings liberally. *See* 2017 WL 4865481, at *1 (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). The plaintiff was, in fact, represented by counsel. As a business entity, it would not have been permitted to represent itself in litigation. *See In re Tamojira, Inc.*, 20 F. App'x 133, 134 (4th Cir. 2001).

The parties dispute what standard the Court should apply to evaluate the sufficiency of Defendant LLC's affirmative defenses. Plaintiff contends that affirmative defenses are judged under the *Twombly-Iqbal* standard, *id.* at 4, while Defendant LLC argues that the standard is not settled in the Fourth Circuit and that many courts apply a lower standard, ECF 19 at 9–10. The Court finds the *Twombly-Iqbal* standard to be appropriate in this context.

"An affirmative defense is the 'defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's . . . claim, even if all allegations in the complaint are true.'" *Emergency One, Inc. v. Am. Fire Eagle Engine Co.*, 332 F.3d 264, 271 (4th Cir. 2003) (quoting *Saks v. Franklin Covey Co.*, 316 F.3d 337, 50 (2d Cir. 2003)). Such defenses are contrasted with negative defenses, which "den[y] or 'directly contradict[] elements of the plaintiff's claim for relief.'" *Jones v. Aberdeen Proving Ground Fed. Credit Union*, Civ. No. ELH-21-1915, 2022 WL 2703825, at *6 (D. Md. July 12, 2022) (quoting 5 Fed. Prac. & Proc. § 1270).

Judges in this District have generally—although not unanimously—applied the *Twombly-Iqbal* pleading standard to affirmative defenses. *See Small Bus. Fin. Sols., LLC v. Cavalry, LLC*, Civ. No. DKC 22-1383, 2023 WL 284449 at *9 (D. Md. Jan. 18, 2023) (noting that the majority of courts in the District of Maryland have applied the *Twombly-Iqbal* standard to affirmative defenses); *McCoy v. Transdev Servs., Inc.*, Civ. No. DKC 19-2137, 2022 WL 951996, at *24 (D. Md. Mar. 30, 2022) (collecting cases). *But see Glob. Garlic, Inc. v. Distribuidora Mi Honduras, LLC*, Civ. No. JKB-21-1487, 2022 WL 326609, at *1 (D. Md. Feb. 3, 2022) (rejecting the *Twombly-Iqbal* standard for affirmative defenses in favor of a fair notice standard) (citing *Baron v. Directv, LLC*, 233 F. Supp. 3d 441, 444 (D. Md. 2017)); *Lockheed Martin Corp. v. United States*, 973 F. Supp. 2d 591, 593 (D. Md. 2013) (noting that the question of whether the *Twombly-Iqbal* standard applies to affirmative defenses is unsettled). Regardless of the standard applied,

defendants are generally given the opportunity to amend defective affirmative defenses. *See Jones*, 2022 WL 2703825, at *5–7 (dismissing "underdeveloped" affirmative defenses without prejudice).

This Court will follow the majority approach in the District of Maryland and apply the *Twombly-Iqbal* standard to Defendant LLC's affirmative defenses. "[I]t would be incongruous and unfair to require a plaintiff to operate under one standard and to permit the defendant to operate under a different, less stringent standard." *Topline Sols., Inc. v. Sandler Sys., Inc.*, Civ. No. BEL-09-03102, 2010 WL 2998836, at *1 (D. Md. July 27, 2010). Accordingly, to survive Plaintiff's motion to strike, Defendant LLC's affirmative defenses must "be pleaded in a way that is intelligible, gives fair notice, and is plausibly suggested by the facts." *Jones*, 2022 WL 2703825, at *5 (citation omitted). "At a minimum, . . . some statement of the ultimate facts underlying the defense must be set forth, and both its non-conclusory factual content and the reasonable inferences from that content, must plausibly suggest a cognizable defense available to [the defendant]." *Id.* (citation omitted).

Defendant LLC raises as affirmative defenses its denial of Plaintiff's allegations, estoppel, laches, unclean hands, acquiescence, failure to state a claim upon which relief can be granted, lack of confusion, lack of an enforceable trademark, lack of infringement, and lack of actual damages. Am. Answer, at 5. First, Defendant LLC's affirmative defense based on its own denials will be stricken, both because it is actually a negative defense and because it merely repeats the denials made in its Answer. Defendant's LLC's affirmative defenses of lack of confusion, lack of infringement, and lack of an enforceable trademark are also negative defenses; they too will be stricken. *See McCoy*, 2022 WL 951996, at *25 (striking the affirmative defense of lack of proximate cause because "[it] is not an affirmative defense at all[,]" but rather "is an argument that

[p]laintiffs have not proven their case"). Likewise, the affirmative defenses of "failure to state a claim" and "no damages" will be stricken. *See Vogel v. Huntington Oaks Del. Partners, LLC*, 291 F.R.D. 438, 442 (C.D. Cal. 2013) (dismissing the affirmative defenses of "failure to state a claim" and "no damage or injury" as not actual affirmative defenses but pleading defects).

Although estoppel, laches, unclean hands, and acquiescence *are* affirmative defenses,[7] they must be stricken for lack of factual support under the *Twombly-Iqbal* pleading standard. *See Jones*, 2022 WL 2703825, at *5–6 (striking the affirmative defenses of estoppel and unclean hands, among others, because they provide no detail as to "the impact of these doctrines in this context"); *Vogel*, 291 F.R.D. at 441–42 (striking the affirmative defenses of laches and waiver, among others, because "the [a]nswer provided a barebone recitation of legal doctrines, leaving [the plaintiff] to guess how they apply to his claims"); *Topline Sols.*, 2010 WL 2998836, at *1–2 (striking the affirmative defenses of laches, waiver, and estoppel, among others, because "they contain no facts and are too conclusory"). The affirmative defenses in the instant case have no greater factual support, and are therefore no more plausible, than the defenses at issue in *Jones*, *Vogel*, or *Topline Solutions*, and, similarly, must be stricken.[8]

Accordingly, all of Defendant LLC's affirmative defenses will be stricken. Defendant LLC will be afforded an opportunity to amend.

---

[7] Estoppel, laches, and acquiescence are enumerated affirmative defenses to claims of trademark infringement under the Lanham Act. 15 U.S.C. § 1115(b)(9). The doctrine of unclean hands is also an established affirmative defense. *See Jones*, 2022 WL 2703825, at *6 ("[U]nclean hands . . . is plainly an affirmative defense.").

[8] In its opposition to Plaintiff's motion to strike, Defendant cites Paragraph 13 of its Counterclaims as factual support for the affirmative defenses of estoppel, laches, unclean hands, and acquiescence, ECF 19 at 10, but the cited paragraph does not identify or describe any conduct by Plaintiff that would support these defenses.

### E.  Defendant LLC's Counterclaims

Defendant LLC asserts three counterclaims for declaratory judgment: (1) that it did not infringe Plaintiff's registered trademark; (2) that Plaintiff's asserted trademarks are not enforceable; and (3) that it did not commit unfair competition. Am. Answer, at 8–12. Plaintiff moves to dismiss the counterclaims, arguing that they are "mirror images of and subsumed by" both Defendant LLC's affirmative defenses and Plaintiff's claims. ECF 17-1 at 7–8; ECF 21 at 5–6.

The Declaratory Judgment Act states that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is sought." 28 U.S.C. § 2201(a). The Fourth Circuit has further explained that a federal court may properly exercise jurisdiction in a declaratory judgment proceeding where three criteria are met: "(1) the complaint alleges an actual controversy between the parties of sufficient immediacy and reality to warrant issuance of a declaratory judgment; (2) the court possesses an independent basis for the jurisdiction over the parties (e.g., federal question or diversity jurisdiction); and (3) the court does not abuse its discretion in its exercise of jurisdiction." *Volvo Equip. N.A v. CLM Equip. Co., Inc.*, 386 F.3d 581, 592 (4th Cir. 2004).

Courts will generally consider declaratory actions so long as the relief sought will assist in clarifying the legal relationship between the parties and terminating the issues giving rise to the litigation. *Penn Mut. Life In. Co. v. Berck*, Civ. No. DKC-09-0578, 2010 WL 3294305, at *2 (D. Md. Aug. 20, 2010) (citing *Cont'l Cas. Co. v. Fuscardo*, 35 F.3d 963, 965 (4th Cir. 1994)). Yet, "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial

administration." *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 296 (4th Cir. 2005) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995)).

Courts in this district have dismissed counterclaims that duplicate claims or defenses otherwise pleaded in the action. *See Chevron USA, Inc. v. Apex Oil Co.*, 113 F. Supp. 3d 807, 824–25 (D. Md. 2015) (dismissing a request for declaratory relief that was duplicative of other claims) (citations omitted); *Malibu Media, LLC v. Doe 1*, Civ. No. DKC 12-1198, 2012 WL 6681990, at *3 (D. Md. Dec. 21, 2012) (dismissing a counterclaim for declaratory judgment that was duplicative of an affirmative defense).

In *Malibu Media, LLC v. [Redacted]*, the U.S. Court of Appeals for the Sixth Circuit affirmed the dismissal of an alleged copyright infringer's counterclaim for a declaratory judgment of non-infringement because it mirrored the plaintiff's infringement claim. 705 F. App'x 402, 406–07 (6th Cir. 2017). The court reasoned that the adjudication of the plaintiff's copyright infringement claim would necessarily resolve all factual and legal issues presented in the declaratory judgment counterclaim for non-infringement, such that the counterclaim would be redundant and serve no useful purpose. *Id.*

Here, Defendant LLC's first and third counterclaims are subject to dismissal for the same reasons. Adjudication of Plaintiff's trademark infringement and unfair competition claims would necessarily resolve the same controversies presented in Defendant LLC's counterclaims for declaratory judgments that it did not infringe Plaintiff's trademarks and did not commit unfair competition. These counterclaims are redundant "mirror images" of the claims asserted in the Amended Complaint, would serve no practical purpose, and will therefore be dismissed.

Defendant LLC's second declaratory judgment counterclaim does not suffer from the same redundancy. The second counterclaim seeks to resolve the question of whether Plaintiff's asserted

trademarks are enforceable. This controversy may ultimately not be resolved in the adjudication of Plaintiff's trademark infringement claim because ownership of an enforceable trademark is only one element of trademark infringement and Plaintiff's claim could be disposed of on other grounds. If, for example, Plaintiff's infringement claim fails for lack of any likelihood of consumer confusion, then the question of whether Plaintiff's trademarks are enforceable would not be resolved in the absence of Defendant LLC's second counterclaim. *See Dominion Elec. Mfg. Co. v. Edwin L. Wiegand Co.*, 126 F.2d 172, 174–75 (6th Cir. 1942) ("[M]ere exoneration from infringement does not always meet the necessities of a wrongfully accused defendant . . . . Convinced that the patent (or the trademark) is invalid, he is still hampered and embarrassed by the necessity of avoiding trespass."); *Good L Corp. v. Fasteners for Retail, Inc.*, No. 3:18-CV-00489, 2020 WL 2572480, at *3–4 (M.D. Tenn. May 20, 2020) (declining to dismiss a counterclaim for a declaratory judgment that plaintiff lacked of an enforceable trademark because the trademark infringement claim could be determined on other grounds); *Who Dat, Inc. v. Rouse's Enters., LLC*, Civ. No. 12-2189, 2013 WL 395477, at *3–4 (E.D. La. Jan. 31, 2013) (collecting cases, including *Dominion Electrical*, for the proposition that counterclaims of unenforceability are independent of claims for trademark infringement).

The second counterclaim in this case would serve to clarify the legal relationship between the parties by resolving the issue of whether Plaintiff's asserted trademarks are enforceable against Defendant LLC. This issue is of sufficient immediacy and reality to warrant a declaratory judgment. For these reasons, the Court finds that exercising jurisdiction over Defendant LLC's second counterclaim would be appropriate, and it will not be dismissed. The first and third counterclaims for lack of trademark infringement and unfair competition, respectively, however, directly mirror Count I and II of the Amended Complaint and will be dismissed without prejudice.

## V.      CONCLUSION

For the foregoing reasons, Defendant Steadman's Motion to Dismiss is DENIED, and Plaintiff's Motion to Dismiss Defendant LLC's Amended Counterclaims and Strike its Affirmative Defenses is GRANTED IN PART and DENIED IN PART.[9] Defendant LLC's affirmative defenses will be stricken, and its first and third counterclaims for non-infringement and lack of unfair competition will be dismissed without prejudice. Plaintiff's Motion to Dismiss is denied with respect to Defendant LLC's second counterclaim for a declaratory judgment that Plaintiff's registered trademark is not enforceable. Defendant LLC shall be granted leave to file amended affirmative defenses within twenty-one days of the date of this Memorandum and the accompanying Order.

A separate Order will issue.


DATED: June 21, 2024                        _____

                                            Matthew J. Maddox
                                            United States District Judge

---

[9] Plaintiff's initial Motion to Dismiss (ECF 13) is DENIED as moot.