UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| FREEDOM SERVICES, INC., | * |
|    Plaintiff/Counter-Defendant, | * |
| v. | *   Case No.: 1:23-cv-01625-MJM |
| FREEDOM SERVICES LLC | * |
|    and | * |
| JENNIFER STEADMAN, | * |
|    Defendants/Counter-Plaintiffs. | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**FREEDOM SERVICES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO
FREEDOM SERVICES LLC'S AMENDED COUNTERCLAIM**

Plaintiff/Counter-Defendant, Freedom Services, Inc. ("Plaintiff"), by and through its undersigned counsel, hereby responds to the Amended Counterclaim filed by Defendant/Counter-Plaintiff Freedom Services LLC ("Defendant") and states as follows:

**NATURE OF COUNTERCLAIMS**

30. Paragraph 30 of the Amended Counterclaim is a general incorporation of the preceding 29 paragraphs of Defendant's Amended Answer to Plaintiff's First Amended Complaint to which no response is required. To the extent an answer is required, Plaintiff denies the same.

31. Paragraph 31 of the Amended Counterclaim sets forth Defendant's requested relief to which no response is required. To the extent an answer is required, Plaintiff denies the same.

## THE PARTIES

32. Plaintiff is without sufficient information to admit or deny the allegations of Paragraph 32 of the Amended Counterclaim, and therefore denies the same.

33. Plaintiff admits that it is a Maryland Corporation with a corporate office located at 1406 Shoemaker Road, Baltimore, MD 21209 and that it provides transportation services to consumers under several trademarks, including "FREEDOMCAR."

## JURISDICTION AND VENUE

34. The allegations of Paragraph 34 of the Amended Counterclaim contain conclusions of law to which no answer is required. To the extent an answer is required, Plaintiff denies the same.

35. The allegations of Paragraph 35 of the Amended Counterclaim contain conclusions of law to which no answer is required. To the extent an answer is required, Plaintiff denies the same.

36. The allegations of Paragraph 36 of the Amended Counterclaim contain conclusions of law to which no answer is required. To the extent an answer is required, Plaintiff denies the same.

37. The allegations of Paragraph 37 of the Amended Counterclaim contain conclusions of law to which no answer is required. To the extent an answer is required, Plaintiff denies the same.

38. The allegations of Paragraph 38 of the Amended Counterclaim contain conclusions of law to which no answer is required. To the extent an answer is required, Plaintiff denies the same.

**FIRST AMENDED COUNTERCLAIM**
**DECLARATORY JUDGEMENT OF NO ENFORCEABLE TRADEMARK RIGHTS IN FREEDOM OR FREEDOM SERVICES**

39.     Plaintiff incorporates each of the above responses as if fully set forth herein.

40.     The allegations of Paragraph 40 of the Amended Counterclaim contain conclusions of law to which no answer is required. To the extent an answer is required, Plaintiff denies the same.

41.     The allegations of Paragraph 41 of the Amended Counterclaim contain conclusions of law to which no answer is required. To the extent an answer is required, Plaintiff denies the same. Plaintiff is without sufficient information to admit or deny the remaining allegations of Paragraph 41 of the Amended Counterclaim, and therefore denies the same.

42.     Plaintiff admits that it began doing business under its incontestable federal trademark registration "FREEDOMCAR" in or around 2010. The remaining allegations of Paragraph 42 of the Amended Counterclaim contain conclusions of law to which no answer is required. To the extent an answer is required, Plaintiff denies the same. All remaining allegations and characterizations in Paragraph 42 of the Amended Counterclaim are denied.

**PRAYER FOR RELIEF**

43.     The allegations of Paragraph 43 of the Amended Counterclaim are a prayer for relief to which no answer is required. To the extent an answer to the paragraph containing a prayer for relief is required, it is denied. Furthermore, to the extent the allegations of Paragraph 43 of the Amended Counterclaim are not deemed a prayer for relief, they contain conclusions of law to which no answer is required. To the extent an answer is required, Plaintiff denies the same.

44.     The allegations of Paragraph 44 of the Amended Counterclaim are a prayer for relief to which no answer is required. To the extent an answer to the paragraph containing a prayer

for relief is required, it is denied. Furthermore, to the extent the allegations of Paragraph 44 of the Amended Counterclaim are not deemed a prayer for relief, they contain conclusions of law to which no answer is required. To the extent an answer is required, Plaintiff denies the same.

45. The allegations of Paragraph 45 of the Amended Counterclaim are a prayer for relief to which no answer is required. To the extent an answer to the paragraph containing a prayer for relief is required, it is denied. Furthermore, to the extent the allegations of Paragraph 45 of the Amended Counterclaim are not deemed a prayer for relief, they contain conclusions of law to which no answer is required. To the extent an answer is required, Plaintiff denies the same.

46. The allegations of Paragraph 46 of the Amended Counterclaim are a prayer for relief to which no answer is required. To the extent an answer to the paragraph containing a prayer for relief is required, it is denied.

47. The allegations of Paragraph 47 of the Amended Counterclaim are a prayer for relief to which no answer is required. To the extent an answer to the paragraph containing a prayer for relief is required, it is denied.

48. The allegations of Paragraph 48 of the Amended Counterclaim are a prayer for relief to which no answer is required. To the extent an answer to the paragraph containing a prayer for relief is required, it is denied.

49. The allegations of Paragraph 49 of the Amended Counterclaim are a prayer for relief to which no answer is required. To the extent an answer to the paragraph containing a prayer for relief is required, it is denied.

To the extent any allegation contained in the Amended Counterclaim is not expressly admitted, it is hereby denied.

## AFFIRMATIVE DEFENSES

Plaintiff undertakes the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated below. Plaintiff respectfully reserves the right to plead additional affirmative defenses and other defenses should any such defenses be revealed by discovery in this case. As and for its affirmative defenses and other defenses, Plaintiff states as follows

### FIRST DEFENSE

Defendant's Amended Counterclaim fails to state claim upon which relief can be granted because any third party use of the term FREEDOM in connection with passenger transportation services is likely to confuse consumers as to the source of those services. FREEDOM SERVICE and FREEDOMCAR were registered without disclaimer of the term FREEDOM. Defendant's use of "Freedom" and "Freedom Services" in connection with their transportation services has caused and is likely to continue to cause consumer confusion, mistake, or deception as to the affiliation, connection, sponsorship, or association of Defendants with Plaintiff's transportation services.

### SECOND DEFENSE

Defendant's Amended Counterclaim claim is barred, in whole or in part, by the doctrine of unclean hands. Defendant knew or should have known of the existence of Plaintiff and its use of the terms FREEDOM SERVICES and FREEDOMCAR on a continuous basis since 1991 in interstate commerce in connection with Plaintiff's transportation services since Defendant's founding in 2019. When Defendant began using "Freedom" and "Freedom Services" in connection with their transportation services, it was aware, or should have been aware, of Plaintiff's prior use and that its use of those terms would likely cause confusion among consumers. Despite this prior knowledge, Defendant filed the Amended Counterclaim over four years after using "Freedom"

and "Freedom Services" in connection with their transportation services at great prejudice to Plaintiff.

## THIRD DEFENSE

Defendant's Amended Counterclaim claim is barred by the status of limitations, laches, and undue delay. Defendant knew or should have known of the existence of Plaintiff and its use of the terms FREEDOM SERVICES and FREEDOMCAR on a continuous basis in interstate commerce in connection with Plaintiff's transportation services since Defendant's founding in 2019. Given Defendant's inaction, Plaintiff's use of the terms FREEDOM SERVICES and FREEDOMCAR in connection with Plaintiff's transportation services since 1991, Plaintiff's incontestable federal trademark registrations of "FREEDOMCAR" and "FREEDOM SERVICES," and Defendants' knowledge of Plaintiff's prior use, Defendant's Counterclaim is barred.

## FOURTH DEFENSE

Defendant's Amended Counterclaim claim is barred, in whole or in part, because Plaintiff has not and will not sustain harm from the denial of the relief it seeks. Defendant's Counterclaim is redundant of Plaintiff's trademark infringement action against Defendant. Defendant is obligated to defend itself in that action. Conclusively, if Plaintiff action is successful, Defendant's Counterclaim becomes unnecessary.

WHEREFORE, having fully answered, Plaintiff respectfully requests the Amended Counterclaim be dismissed with prejudice, an award of its costs and attorneys' fees incurred herein, and for such further relief as the Court deems just and proper.

Dated: <u>July 31, 2024</u>   Respectfully submitted,

<u>/s/ *Sherry H. Flax.*</u>
Sherry H. Flax, Esq. (Bar No. 03517)
Austin G. Strine, Esq. (Bar No. 20637)
Saul Ewing LLP
1001 Fleet St., 9th Floor
Baltimore, Maryland 21202
(410) 332-8784 (Telephone)
Sherry.Flax@saul.com
Austin.Strine@saul.com

*Attorneys for Plaintiff*
*Freedom Services, Inc.*

7

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 31st day of July, 2024 a copy of the foregoing Plaintiff/Counter-Defendant, Freedom Services, Inc.'s Answer and Affirmative Defenses to Defendant/Counter-Plaintiff, Freedom Services LLC's Amended Counterclaim was served electronically by this Court's CM/ECF system upon:

Brian A. Tollefson (Bar No. 16289)
TOLLEFSON IP
326 First Street, #202
Annapolis, Maryland 21403
(Phone): (443) 699-2450
Email: brian@tollefsonip.com

*Counsel for Defendants*
*Freedom Services, LLC and Jennifer Steadman*

                                          */s/ Sherry H. Flax*
                                          Sherry H. Flax